758 F.2d 653
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David C. Kay, Plaintiff-Appellant,
v.
Margaret Heckler, Secretary Health and Human Services,
Defendant-Appellee.
 No. 84-3198
 United States Court of Appeals, Sixth Circuit.
 2/8/85
 
 BEFORE: KEITH, JONES and KRUPANSKY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, David G. Kay (Kay), appeals from the district court's grant of summary judgment in favor of the Secretary which upheld the Secretary's determination that Kay is not entitled to social security disability insurance benefits and supplemental security income benefits because he is capable of performing substantial gainful activity.
 
 
 2
 Key suffers from spastic cerebral palsy and learning disabilities. His past work experience consists solely of two temporary positions. He was employed for several months as a 'pizza box-folder' by a manager of a pizzeria who created the temporary position specifically for handicapped youths. Kay also worked one summer as an 'information/security person' at a zoo, a job reserved under the CETA program for handicapped individuals and which entailed sitting in front of a tiger exhibit and answering questions asked by visitors.
 
 
 3
 The sole issue on appeal is whether the Secretary's final decision denying Kay disability benefits is supported by substantial evidence on the record as a whole. To establish entitlement to disability benefits under the Social Security Act, an insured claimant must domonstrate an 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment' for a period of at least one year. 42 U.S.C. Sec. 423(d)(1).
 
 
 4
 The district court found that the evidence on the record was sufficient to support the Secretary's finding that Kay had engaged in substantial gainful activity as defined under the applicable regulations, and that Kay retains the ability to perform that work. The district court also found that the evidence demonstrated Kay's ability to engage in other substantial gainful activity.
 
 
 5
 The applicable regulations define 'substantial work activity' as 'work activity that involves doing significant physical or mental activities.' 20 C.F.R. Sec. 404.1572(a). The regulations further provide that work duties which 'contribute substantially to the operation of a business' tend to show 'the ability to work at the substantial gainful activity level,' 20 C.F.R. Sec. 404.1573(a), but that work which 'involves minimal duties that make little or no demands on you and that are of little or no use to your employer does not show that you are working at the substantial gainful activity level.' 20 C.F.R. Sec. 404.1573(b).
 
 
 6
 The record reveals that Kay demonstrated that his duties in both his pizza box-folder and information/security positions did not entail 'significant physical or mental activities' (emphasis added) as required by 20 C.F.R. Sec. 404.1572(a) to show 'substantial' work activity. Moreover, the evidence did not show that Kay's duties on both jobs 'contribute[d] substantially to the operation of a business;' rather, it suggested that the work 'involve[d] minimal duties . . . that [where] of little or no use to [Kay's] employer.' See 20 C.F.R. Sec. 404.1573(a) and (b).
 
 
 7
 Thus, the Secretary's determination that Kay is able to perform substantial gainful activity is not supported by substantial evidence on the record as a whole. The decision of the district court, therefore, is hereby REVERSED and REMANDED with instructions to the Secretary to award benefits.